UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
O'NEIL GORDON,
A46 083 407

                    Petitioner,

ORDER TRANSFERRING CASE
AS PETITION FOR REVIEW
PURSUANT TO RIDA

04-CV-0991 (NGG)

  –against–

JOHN ASHCROFT, United States Attorney
General, et al.,

              Respondents.
-------------------------------------------------------X
GARAUFIS, United States District Judge.

      Petitioner O'Neil Gordon filed the instant petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Gordon challenges an administratively final order of removal, pursuant to which he was deported to Jamaica on February 26, 2004, shortly after Gordon delivered his petition to Homeland Security officials to be filed with this court, but before his petition actually reached this courthouse on March 4, 2004.

      On June 22, 2005, the government moved to transfer Gordon's petition to the United States Court of Appeals for the Fifth Circuit for further proceedings, citing the passage of the REAL ID Act of 2005 ("RIDA"), Pub. L. No. 109-13, Div. B, which took effect on May 11, 2005. RIDA amended the judicial review provisions of section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, by adding, <u>inter alia</u>, the following jurisdictional provision:

> (5) Exclusive Means of Review--Notwithstanding any other
> provision of law (statutory or nonstatutory), including section 2241
> of title 28, United States Code, or any other habeas corpus
> provision, and sections 1361 and 1651 of such title, a petition for
> review filed with an appropriate court of appeals in accordance
> with this section shall be the sole and exclusive means of judicial
> review of an order of removal entered or issued under any
> provision of this Act. . . .

REAL ID Act § 106(a)(1)(B). Therefore, under RIDA, the courts of appeals have exclusive jurisdiction to review all administratively final orders of removal, deportation and exclusion.

Moreover, RIDA includes a provision giving it immediate effect on pending cases upon enactment. Specifically, RIDA § 106(c) requires that a district court transfer any cases currently before it to the appropriate court of appeals:

> (c) TRANSFER OF CASES.--If an alien's case, brought under
> section 2241 of title 28, United States Code, and challenging a
> final administrative order of removal, deportation, or exclusion, is
> pending in a district court on the date of the enactment of this
> division, then the district court shall transfer the case (or the part of
> the case that challenges the order of removal, deportation, or
> exclusion) to the court of appeals for the circuit in which a petition
> for review could have been properly filed under section 242(b)(2)
> of the Immigration and Nationality Act (8 U.S.C. 1252), as
> amended by this section . . .

RIDA further clarifies that a petition for review is properly filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA § 242(b)(2).

Accordingly, this court no longer has jurisdiction to entertain the claims raised in Gordon's petition, and the government's motion must be granted. The Clerk of Court is directed to transfer the case to the Fifth Circuit Court of Appeals because Gordon's immigration

2

proceedings were completed at Oakdale, Louisiana, which lies within the territorial jurisdiction of the Fifth Circuit. No stay of deportation shall be granted, as Gordon already has been removed from the United States.

SO ORDERED.

Dated: June 28, 2005  /s/ Nicholas Garaufis
     Brooklyn, N.Y.  NICHOLAS G. GARAUFIS
                                      United States District Judge